UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

**HEIDI ANGELIQUE BITTICK**
**RICHARD LEE BITTICK,**

Debtors.

Case No. **20-61935-dwh13**

Confirmation Hearing Date: **10/21/20**
**SUPPLEMENTAL TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS**

Naliko Markel, Trustee, objects to confirmation of the Debtors' Chapter 13 Plan (Doc. 15; dated blank) for the reasons set out below:

☒ a. Plan is not feasible: **Including the best interest figure, calculated in d. below, the Plan appears underfunded approximately $92,078.**

☐ b. Case not filed in good faith/Plan not proposed in good faith:

☐ c. Plan does not commit all of the Debtor's excess projected disposable income pursuant to 11 U.S.C. § 1325(b)(1)(B) for the applicable commitment period:

☒ d. Plan does not meet the best interest test of 11 U.S.C. § 1325(a)(4): **Including Debtors' non-exempt equity in real and personal property, the Trustee calculates a best interest figure of $487,483.**

☐ e. Filing/documentation is deficient:

☒ f. Other: **Amended Plan changes**: (1) Treat Quicken Loans' secured arrearage claim (#10-1; filed 9/4/20) of $10,405.27; (2) Treat the secured claims filed by Quantum 3 (#25 – 28; filed 9/24/20); (3) AmeriCredit's claim (#9-1; filed 8/31/20), secured by the 2018 Nissan Rogue, appears eligible for cramdown based on the retail installment contract which shows $6,700 of negative equity from a trade-in was rolled in to the purchase price. Based on the Trustee's *Penrod*, 611 F.3d 1158 (9th Cir. 2010) calculation, depending on the current value of the vehicle, the claim should be treated in ¶4(b)(2) at a modified value of $21,491.27. Note, the Motion to Value Collateral box in ¶1 should be checked; (4) Plan caption: insert a date; (5) ¶2: insert "60" for the approximate length and "applicable commitment period" for the reason to extend; (6) ¶3(c): Replace "2020-2025" with "2020-2024"; (7) ¶3(d), ¶3(e), ¶5, and ¶6: Populate the blanks (8) ¶4(b)(1): Insert an "*" after the monthly Plan payments for each amount listed in the Monthly Plan Payment column and insert "* and all available funds, pro-rata" in the text box below; (9) ¶4(i): replace "0" with "1"; (10) ¶ 4(h): insert "487,483"; (11) ¶5: Add the leases listed in Schedule G; and (12) ¶7: Insert MAPS Credit Union for the Debtors' home equity lines of credit (Note: only the arrears on these claims, #14-16, should be treated in ¶4(b)(1)).

Motion to Dismiss. For the above reasons, the Trustee moves the Court for an order dismissing this case.

I certify that on September 25, 2020, I served copies of the above Objection and Motion on the Debtors and any debtor attorney.

DATED: September 25, 2020          */s/ Zachariah D. Conway*, OSB #165832, for
(tm)                                Trustee